**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CALLAREMI LINCOLN-MERCURY, INC. D/B/A MOTION KIA, *Plaintiff*, v. PICON AUTO GROUP LLC D/B/A NEWTON KIA, *Defendant/Third-Party Plaintiff*, v. ZERO MOMENT OF TRUTH, INC. D/B/A ZMOT AUTO, *Third-Party Defendant*. | Civil No.: 17-cv-6819 (KSH) (CLW) **OPINION** |

**Katharine S. Hayden, U.S.D.J.**

### I. Introduction

Plaintiff Callaremi Lincoln-Mercury, Inc. d/b/a Motion Kia ("Motion"), a car dealership, alleges that defendant/third-party plaintiff Picon Auto Group LLC d/b/a Newton Kia ("Newton"), a competitor, improperly used Motion's name in internet advertising to pass itself off as, or as being associated with, Motion. Newton filed an amended answer, affirmative defenses, and counterclaims against Motion, along with a third-party complaint against its advertising company, Zero Moment of Truth, Inc. d/b/a ZMOT Auto ("ZMOT"). Motion has moved to strike Newton's amended answer and affirmative defenses, and to dismiss the counterclaims against it. (D.E. 25.) The Court decides this motion without oral argument. *See* L. Civ. R. 78.1(b).

1

## II. Background

Motion and Newton are Kia dealerships and franchisees of Kia Motors America ("Kia Motors"). (D.E. 1, Complaint ["Compl."] ¶¶ 1-3, 9.) Motion initiated this action by verified complaint and order to show cause, alleging that Newton had been using the Motion name in internet advertising to improperly suggest that Newton is, or is associated with, Motion. (*See generally* Compl.; *see also* D.E. 1-2 (brief); D.E. 1-3 (proposed order to show cause.)) Specifically, Motion asserts that a Newton internet advertisement used the name "Motion Kia" above a link to www.newtonkia.com, and that the advertisement appears "when potential customers of Motion, in Motion's Kia assigned territory, search the internet for Motion from IP addresses in Motion's territory." (Compl. ¶¶ 13-14 & Ex. A.) Based on this advertisement, Motion has asserted four claims against Newton: (1) violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (2) deceptive acts and practices in the conduct of its business in violation of N.J.S.A. 56:4-1; (3) common law unfair competition; and (4) common law interference with prospective business relationships. Motion further alleges that through Kia Motors it had unsuccessfully sought to cause Newton to cease and desist from using the advertising in issue. (Compl. ¶ 17.)

Prior to the return date on Motion's order to show cause, the parties entered into a consent order, which the Court approved, whereby Newton agreed not to advertise or associate itself with the name "Motion Kia" and to remove any media "using for itself" or associating itself with that name, without conceding that it had in fact done so. (D.E. 10.) Subsequently, Newton answered the complaint and asserted counterclaims against Motion for libel *per se* (Count 1) and false light (Count 4), based on Motion's alleged statements about Newton to Kia

Motors and unidentified others. (D.E. 14.)[1] Motion moved to strike Newton's answer and affirmative defenses and to dismiss its counterclaims, and that motion was fully briefed (D.E. 16, 17, 18, 19). Newton then filed an amended answer (D.E. 22) that included a third-party complaint against ZMOT, a company that Newton allegedly hired to carry out its internet advertising, asserting a variety of tort and contract claims. Newton's amended answer and affirmative defenses to Motion's complaint were otherwise substantively identical to its original answer and affirmative defenses.[2] ZMOT has answered the third-party complaint [D.E. 29], and is not a party to the motion currently before the court.[3]

In moving to strike Newton's amended answer and affirmative defenses and dismiss the counterclaims against it, Motion has not filed a brief, instead purporting to "rel[y] on the papers submitted in connection with the identical motion filed with respect to the initial Answer and Counterclaim[.]" (D.E. 25, Notice of Motion.) Motion cites no authority permitting it to do so. In the interest of efficiency, the court will consider the following previously filed arguments Motion has made in this litigation: its November 20, 2017 brief [D.E. 16-2, Brief in Supp. of Pl.'s Mot. Strike and to Dismiss ("Moving Br.")], and December 8, 2017 brief [D.E. 19, Reply Br. in Further Supp. of Mot. Strike and to Dismiss ("Reply Br.")]. Newton has opposed the motion [D.E. 26, Memo. of Law in Opp. To Pl.'s Mot. Strike ("Opp. Br.")].

---

[1] Newton included two other "counts" for a preliminary and permanent injunction (Count 2) and punitive damages (Count 3), but, as discussed *infra*, both are types of relief, not causes of action.

[2] It is unclear what authority Newton relied on in filing its amended answer, which was untimely under Fed. R. Civ. P. 15(a)(1). If Motion consented to the filing of the amended complaint pursuant to Rule 15(a)(2), that is not apparent from the docket.

[3] ZMOT subsequently moved for leave to file an amended answer and a counterclaim related to Newton's alleged non-payment of invoices. (D.E. 38.) Briefing for that motion is ongoing, and it will be decided separately.

### III. Analysis

#### A. Motion to Strike Answer and Affirmative Defenses

Motion claims Newton's amended answer and affirmative defenses are boilerplate, made in bad faith, and not compliant with the rules of pleading. Newton responds that its answer represented a good faith attempt to respond to the complaint, and that its affirmative defenses are proper and "completely relevant to the case at hand." (Opp. Br. 5.)

To "simplify the pleadings and save time and expense," *Garlanger v. Verbeke*, 223 F. Supp. 2d 596, 609 (D.N.J. 2002) (Brotman, J.), Fed. R. Civ. P. 12(f) permits the court to strike from pleadings any "insufficient defense," as well as "redundant, immaterial, impertinent, or scandalous matter," either *sua sponte* or on motion of a party. Although generally disfavored, motions to strike may be granted if the allegations have "'no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case.'" *Gov't Emp. Ins. Co. v. Hamilton Health Care Center, P.C.*, 2017 U.S. Dist. LEXIS 151772, at *3 (D.N.J. Sept. 19, 2017) (Thompson, J.) (citations omitted). An answer may also be stricken if "'bad faith is found to underlie the denial or if the party intended to make the pleading evasive.'" *Id.* (citation omitted). The court has "'considerable discretion'" in ruling on a Rule 12(f) motion to strike. *Tonka v. Rose Art Indus., Inc.*, 836 F. Supp. 200, 217 (D.N.J. 1993) (Lechner, J.) (citation omitted).

Rule 12(f) can be invoked, as Motion has done here, to attack a pleading that falls short of the standards in Rule 8. *Hamilton Health Care*, 2017 U.S. Dist. LEXIS 151772, at *3. With respect to answers and the pleading of defenses, Rule 8(b) requires the party to "state in short and plain terms its defenses to each claim asserted against it," and to "admit or deny the allegations asserted against it." Fed. R. Civ. P. 8(b)(1)(A)-(B). A party's denial must "fairly

4

respond to the substance of the allegation," and if the party intends, in good faith, to deny an allegation only in part, it must admit the part that is true and deny the remainder. Fed. R. Civ. P. 8(b)(2), (4). The party may employ a general denial only if, in good faith, the party intends to deny all of the pleading's allegations, including its jurisdictional allegations. Otherwise, the party must specifically deny certain allegations, or deny all of them except the allegations specifically admitted. Fed. R. Civ. P. 8(b)(3). Finally, if the party lacks knowledge or information "sufficient to form a belief about the truth of an allegation," it must so state, and such a statement is equivalent to a denial; any allegation not denied is admitted. Fed. R. Civ. P. 8(b)(5)-(6).

In seeking to strike Newton's amended answer in its entirety, Motion contends Newton "failed to assert one sufficient answer," and that the amended answer "almost entirely consists of the response: 'Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and leaves Plaintiff to its proofs.'" (Moving Br. 7-8.) Motion argues that this approach falls short of a good faith attempt to respond to the complaint, and that it would be prejudiced if forced to litigate in the face of this answer, which "fails to fairly apprise [Motion] of [Newton's] position" as to the complaint allegations and makes it "more difficult and more expensive" for Motion to prepare its case. (*Id.* at 8.)

Motion is correct that the majority of Newton's responses to Motion's allegations are that it denies having sufficient knowledge.[4] But Motion has not specifically identified which of these responses it targets as improper, and one or more of Newton's responses may, in fact, be appropriate. *See* Fed. R. Civ. P. 8(b)(5). For example, Newton may well lack knowledge

---

[4] Newton does admit a single allegation: that it "is also the owner and operator of a franchised new motor vehicle dealership, doing business under the alternate name Newton Kia . . . at 20 Hampton House Road, Newton, Sussex County, New Jersey. (Compl. ¶ 3; *see also* D.E. 22, Amended Answer ¶ 3.)

5

sufficient to admit or deny Motion's allegation about Motion's own spending on advertising and the content of such advertisements [Compl. ¶ 11]. Arguably, Newton might not know whether Motion's operation as a Kia dealership has been continuous in Hackettstown since 2011, and that it has done substantial business as described in paragraph 8 of the complaint. Only in its reply does Motion cite specific "instances" of allegations in its complaint that it believes Motion should be expected to admit or deny – portions of paragraphs 9 and 10, and paragraph 13 (Reply Br. 2-3) – and even then fails to explain why those "instances" infect the entirety of the amended answer such that it should be stricken as having been made in bad faith or intentionally invasive. Similarly, Motion fails to connect these assertedly deficient responses to any specific prejudice it would suffer if they were permitted to stand, instead claiming generically that the case would be "more difficult and expensive" to litigate. (Reply Br. 3; *see also* Moving Br. 8.)

Under these circumstances, the case law Motion cites does not support the disfavored relief of striking a defendant's answer in its entirety. Indeed, Motion cites only one case in the Third Circuit in which the defendant's entire answer was stricken as opposed to specific paragraphs or defenses, and there the circumstances were very different. *See Hamilton Health Care*, 2017 U.S. Dist. LEXIS 151772, at *2, 5 (striking "answers" defendants sent to plaintiffs' counsel by email, but which they did not file or properly serve, and which made only "short, vague denials as to each cause of action at large, rather than corresponding with paragraphs or facts within the [c]omplaint").[5]

---

[5] The out-of-circuit cases Motion cites are equally distinguishable. *See Greenberg v. Guzman*, 2014 U.S. Dist. LEXIS 194353, at *1-2 (C.D. Cal. July 10, 2014) (striking "one-sentence [a]nswer presenting defenses under Rule 12(b)"); *Two Men & A Truck/Int'l, Inc. v. Empire Moving & Storage Inc.*, 2012 U.S. Dist. LEXIS 197419 (S.D. Fla. Nov. 14, 2012) (striking one-line answer of defendant that stated only his name and "Denying all the allegations in the case"); *Colonial Pacific Leasing Corp. v. Eric T. Helland, DDS, P.C.*, 2012 U.S. Dist. LEXIS 132012 (D. Colo. Sept. 17, 2012) (striking answer that only asserted three affirmative defenses and did

6

Although Motion's argument in support of its request to strike Newton's entire answer is insufficient to warrant that relief at this stage, the Court disagrees with Newton that it fully complied with federal pleading requirements in drafting its answer. Keeping in mind the variety of options that Rule 8(b) permits, including partial admissions and partial denials, Newton's pleading lack of knowledge about certain allegations is unsatisfactory. *See Madjar v. N.J. Dep't of Corr.*, 1993 U.S. Dist. LEXIS 6166, at *15 (D.N.J. Apr. 5, 1993) (Fisher, J.) (a party may not assert lack of knowledge "'if the necessary facts or data involved are within his knowledge or easily brought within his knowledge,'" and such denials for lack of knowledge can be deemed admitted (citations omitted)); *see also Sinclair Cattle Co. v. Ward*, 2015 U.S. Dist. LEXIS 140746, at *7 (M.D. Pa. Oct. 16, 2015) ("A pleading model that obscures parties' positions on the bulk of the allegations against them until after discovery is neither permissible under the current rules, nor desirable."). And so while the Court will deny the motion to strike to the extent it targets Newton's entire answer, it does so without prejudice to Motion's right to move to strike specific responses it considers objectionable, providing reasons why those responses were made in bad faith or with the intent of evasion, and how Motion would be prejudiced if those responses were permitted to stand.

Motion has also moved to strike all but two (the first and sixth) of Newton's 19 affirmative defenses. It argues that nine of them "simply deny [Motion's] claims and requests for relief," seven are "wholly irrelevant" to Motion's claims, and "[t]he remainder" (presumably

---

not admit or deny the complaint's factual allegations, and requiring filing of amended answer); *United States v. Kennedy*, 233 F.R.D. 530 (D.N.D. Nov. 3, 2005) (striking "tax protestor-type documentation" defendant filed instead of an answer); *Gleason v. Chain Serv. Rest.*, 300 F. Supp. 1241, 1257-61 (S.D.N.Y. 1969) (denying defendants' motion to strike complaint in its entirety, and instead partially granting alternative request to strike specific allegations).

the fifth, eighth, and twelfth affirmative defenses) are "conclusory, bare-boned allegations" that would "confuse the case with ambiguities." (Moving Br. 10-11.)

An affirmative defense generally involves a defendant asserting facts that, if true, would defeat the plaintiff's claim, even if the complaint's allegations are all true. *Modern Creative Services, Inc. v. Dell Inc.*, 2008 U.S. Dist. LEXIS 5929, at *4-5 (D.N.J. Jan. 28, 2008) (Linares, J.). Motion argues that Newton's second, fourth, ninth, tenth, eleventh, thirteenth, fourteenth, sixteenth, and nineteenth affirmative defenses simply deny the complaint allegations, and therefore are not proper affirmative defenses. But Motion does not explain why or how it would be prejudiced if "denials" couched as affirmative defenses are permitted to stand, or how striking them would streamline the litigation. (*Cf.* Moving Br. 9 (describing purposes of motions to strike); *see also Vazquez v. Triad Media Solutions, Inc.*, 2016 U.S. Dist. LEXIS 3912, at *6 (D.N.J. Jan. 13, 2016) (Walls, J.); *Malibu Media, LLC v. Lee*, 2013 U.S. Dist. LEXIS 72218, at *17 (D.N.J. 2013) (Thompson, J.) (both noting that motion to strike defense should not be granted absent prejudice to the adverse party).

Motion challenges the second, fourth, seventh, tenth, fifteenth, seventeenth, and eighteen affirmative defenses as "wholly irrelevant" to its claims [Moving Br. 11], but beyond simply stating, in cursory fashion and only in its reply brief, that "[t]his is not a breach of contract case" [Reply Br. 4], Motion fails to explain why, in the context of the specific claims it has asserted in its complaint and the elements of those claims, the targeted defenses bear no relevance to them. Similarly, Motion seeks to strike Newton's fifth, eighth, and twelfth affirmative defenses on the basis that they are conclusory and would "confuse the case with ambiguities," but leaves unexplained *how* those defenses would confuse the case if permitted to remain. At this early stage of the litigation, it would be premature and unwarranted to strike 17 of Newton's 19

affirmative defenses based on the generalized arguments presented here. *See Cipollone v. Liggett Group, Inc.*, 789 F.2d 181, 188 (3d Cir. 1986) (counseling that courts should not strike defense unless its insufficiency is clearly apparent, based on a "concern that a court should restrain from evaluating the merits of a defense where . . . the factual background for a case is largely undeveloped").

The Court disagrees, however, with Newton's assertion in its opposition that its supposedly "well thought out defenses" give Motion "fair notice," and that "[a] court would be able to determine that these defenses are sufficient when facts are construed in a light most favorable to [Newton]." (Opp. Br. 5-6.) *Cf. Vazquez*, 2016 U.S. Dist. LEXIS 3912, at *8 (defining "fair notice"). Although Motion's arguments as presently framed are insufficiently specific to permit the Court to grant its motion to strike, it has highlighted deficiencies in Newton's affirmative defenses that raise the specter of inefficient, prolonged discovery into irrelevant matters. Therefore, the Court will exercise its discretion to deny Motion's request to strike Newton's affirmative defenses, but, as with Motion's request to strike the amended answer, will do so without prejudice to a renewed motion that makes a proper showing that specific defenses sought to be stricken warrant that relief based on the demanding standard governing such requests.[6]

### B. <u>Motion to Dismiss Counterclaims</u>

Motion moves to dismiss Newton's libel *per se* and false light counterclaims under Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief may be granted. To survive dismissal, a counterclaim must "contain sufficient factual matter, accepted as true, to 'state a

---

[6] The Court fully expects counsel to engage in a meaningful effort, with the assistance of Magistrate Judge Cathy Waldor, to pare down Newton's affirmative defenses in advance of any motion practice before this Court on the issue, *see infra* Part IV.

9

claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Legal conclusions are to be disregarded, and a claim satisfies the "plausibility" standard only if the factual allegations permit the Court to "'draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). The standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555) ("[A] formulaic recitation of the elements of a cause of action will not do.").

Newton has asserted a counterclaim against Motion is for libel *per se*. To make out a claim for libel, which is defamation in written form, a plaintiff must allege facts that, taken as true, would establish "'(1) the assertion of a false and defamatory statement concerning another; (2) the unprivileged publication of that statement to a third party; and (3) fault amounting at least to negligence by the publisher.'"[7] *Leang v. Jersey City Bd. of Educ.*, 198 N.J. 557, 585 (2009) (quoting *DeAngelis v. Hill*, 180 N.J. 1, 13 (2004)); *W.J.A. v. D.A.*, 210 N.J. 229, 238 (2012) (describing libel as defamation by written or printed words).[8] Whether a statement is defamatory is measured by its content (the fair and natural meaning a reasonable person would give the

---

[7] The required state of mind varies based on whether the plaintiff is a public or private figure or official, and on whether the subject matter is a matter of public concern. *Senna v. Florimont*, 196 N.J. 469, 473 (2008). Because Newton's counterclaim, as pleaded, does not even satisfy the minimum negligence threshold, the court need not decide whether negligence or actual malice applies.

[8] The parties do not dispute that New Jersey law applies to these state law claims.

statement); verifiability (whether the statement is fact or opinion); and the context of the statement (including the listener's reasonable interpretation). *Id.* A written statement is libelous *per se* if it is defamatory on its face, as opposed to only in light of extrinsic facts. *Gillion v. Bernstein*, 218 F. Supp. 3d 285, 302 (D.N.J. 2016) (citing *Lawrence v. Bauer Publ'g & Printing Ltd.*, 89 N.J. 451, 459 (1982)).[9]

Newton's other substantive counterclaim against Motion is for the privacy tort of false light. False light is a cause of action for "invasions of privacy involving 'publicity that unreasonably places the other in a false light before the public.'" *Romaine v. Kallinger*, 109 N.J. 282, 293 (1988) (citations omitted). To properly plead a claim for false light, the plaintiff must allege facts that, taken as true, show that the defendant gave publicity to a matter concerning plaintiff that places the latter in a false light before the public, *id.*, and that "(a) the false light in which the other was placed would be highly offensive to a reasonable person, and (b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed." *DeAngelis*, 180 N.J. at 19 (quoting *Romaine*, 190 N.J. at 293). A "fundamental requirement" of the tort is that the publicity be false, or, at minimum, be capable of giving rise to a false public impression of plaintiff. *Romaine*, 190 N.J.

---

[9] Libel *per se* is sometimes defined in New Jersey case law to mean libel that falls into certain categories, including statements of occupational incompetence or misconduct, *see, e.g.*, *Mackay v. CSK Pub'g Co.*, 300 N.J. Super. 599, 616 (App. Div. 1997) (noting the "four recognized categories of slander *or libel per se*" (emphasis added)), and Motion cites it as an essential element of Newton's libel *per se* claim [Moving Br. 13]. This appears to be a misinterpretation of controlling New Jersey law, which utilizes those categories to determine when slanderous, not libelous, statements require proof of special damages. *See Ward v. Zelikovsky*, 136 N.J. 516, 526, 540 (1994); *Gnapinsky v. Goldyn*, 23 N.J. 243, 250 (1957); *see also Herrmann v. Newark Morning Ledger Co.*, 48 N.J. Super. 420, 442-46 (App. Div. 1958) (discussing the confusion over term libel *per se*). The Court need not resolve the issue at this stage, because Newton's libel counterclaim fails to adequately plead any of the other undisputed essential elements of that claim, as discussed below.

at 294 (citation omitted). Moreover, the material in issue "'must constitute a major misrepresentation of [plaintiff's] character, history, activities or beliefs.'" *Id.* at 295.

Newton's allegations in support of both counterclaims are nothing but "[t]hreadbare recitals of the elements of [the] cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. Indeed, Newton does not even identify the statements it alleges are defamatory and placed it in a false light; it offers only conclusory recitations of the elements of each claim, coupled with the following vague allegations about the challenged statements:

> 5. These statements attribute conduct and characteristics to Defendant that are contrary to customary and lawful acts of a franchised motor vehicle dealer.
>
> 6. Plaintiff's false and malicious statements include, without limitation that
>    (a) [sic]
>    (a) Defendants [sic] misrepresent themselves as Motion Kia;
>    (b) Use deceptive and unlawful practices;
>    (c) Use unlawful behavior.
>
> . . .
>
> 17. These statements of fact impute to Defendant (1) criminal offenses; and (2) conduct, characteristics or conditions that are incompatible with Defendant's business, trade, or office.

[D.E. 22, Counterclaim ¶¶ 5-6, 17.] These allegations leave much unsaid, including what "conduct and characteristics" Motion purportedly ascribed to Newton; how and when Motion made the supposedly false statements regarding Newton misrepresenting itself as Motion; what deceptive practices or unlawful behavior Motion claimed that Newton engaged in; what criminal offenses Motion attributed to Newton; and what "conditions" were purportedly "incompatible" with Newton's business. Without more information about the content or circumstances of publication of the challenged statements, it is impossible to discern how they could be false and defamatory and whether Motion acted with the requisite state of mind in publishing them. It is equally impossible to ascertain how Newton was placed in a false light, whether that false light

12

would be highly offensive to a reasonable person, or whether Motion knew of or acted in reckless disregard of the matter's falsity. The Court therefore cannot draw a reasonable inference that Motion is liable for the misconduct Newton alleges.

Newton argues that its counterclaims should survive because it has adequately pleaded them under Fed. R. Civ. P. 8, which it defines as requiring only allegations that are sufficient to alert the defendant of the allegations against it. (Opp. Br. 7.) But that begs the question: although federal notice pleading standards, as embodied in Rule 8(a)(2), do require the pleader to put the defendant on notice of the claim against it, whether a pleading *satisfies* the notice pleading standard, and is therefore entitled to proceed in the face of a motion to dismiss, is measured by the plausibility analysis outlined above. *See, e.g.*, *Iqbal*, 556 U.S. at 678 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. . . . [O]nly a complaint that states a plausible claim for relief survives a motion to dismiss.").[10] Newton's counterclaims do not meet this standard. The motion to dismiss them is GRANTED.

Neither party has addressed Counts Two and Three of Newton's counterclaim, which seek an injunction and punitive damages, respectively. Both are types of relief, not causes of action. *Educ. Impact, Inc. v. Danielson*, 2015 U.S. Dist. LEXIS 9467, at *57 (D.N.J. Jan. 28, 2015) (Wolfson, J.) (injunctive relief); *Verano v. Cnty. of Essex*, 2017 U.S. Dist. LEXIS 113256,

---

[10] Newton's reliance on *Mangan v. Corporate Synergies Group, Inc.*, 834 F. Supp. 2d 199 (D.N.J. 2011) (Simandle, J.), is unpersuasive. Mangan offered far more detailed factual allegations concerning the alleged defamatory statements about him by his former employer, permitting the court to assess whether the elements of a defamation claim were met. Here, Newton's allegations are so vague and conclusory that there is no basis by which the Court can even evaluate whether the elements of libel *per se* and false light are met.

at *11-12 (D.N.J. July 20, 2017) (McNulty, J.) (punitive damages).  Because both of Newton's substantive claims have been dismissed, these counts likewise cannot proceed and are dismissed.

## IV. Conclusion

For the reasons set forth above, Motion's motion to strike the answer and 17 of Newton's affirmative defenses is DENIED, without prejudice to renewal as outlined in the foregoing opinion. Motion's motion to dismiss Newton's counterclaims is GRANTED, and Newton's counterclaims are DISMISSED WITHOUT PREJUDICE.  If it so chooses, Newton may seek to file amended counterclaims that satisfy the applicable substantive and pleading standards by filing an appropriate motion for leave to file amended counterclaims, accompanied by the proposed amended counterclaims.  *See Shane v. Fauver*, 213 F.3d 113 (3d Cir. 2000).  If Newton fails or declines to do so, the court will convert this dismissal to one with prejudice.

The parties shall address the issue of renewed motion practice and amendment of the counterclaims when they appear in person and on the record before the Honorable Cathy L. Waldor, U.S.M.J. on Tuesday, October 30, 2018, the date previously set for a conference with Judge Waldor.

An appropriate order will follow.

|  |  |
|---|---|
| Date: October 29, 2018 | /s/ Katharine S. Hayden<br>Katharine S. Hayden, U.S.D.J |